11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Bounmy Thammavongsa

Appellant

Vs.                   Nos.
11-01-00058-CR & 11-01-00059-CR B Appeals from Dallas County

State of Texas

Appellee

 

The jury
convicted appellant of aggravated sexual assault of a child[1]
and sexual assault of a child[2]
in a joint trial of separate indictments.  
In the aggravated sexual assault case, the jury assessed  appellant=s punishment at confinement for 30 years and a fine of $5,000.  In the sexual assault case, the jury
assessed appellant=s
punishment at confinement for 20 years and a fine of $5,000.  Appellant appeals both cases.  We affirm both cases.

Appellant=s stepdaughter testified that, when she was 6
years old, appellant started touching her vagina under her clothes.  The victim stated that, when she was 8 years
old, appellant put his penis into her vagina and moved up and down.  The victim testified that appellant told her
that he would kill her if she ever told anyone about the sexual activity.  The victim testified that most of the sexual
intercourse occurred when the victim was in middle school.  She stated that appellant would pick her up
at school on Fridays and that he would take her home and have sexual
intercourse with her while her mother was at work.  The victim testified that appellant raped her more than 100 times
from the time she was 8 years old until she was 14 years old.  The victim was 18 years old at the time of
trial.  The sufficiency of the evidence
is not challenged.

In a
single point of error in each case, appellant contends that the trial court
erred in overruling his objection to the prosecutor=s closing argument during punishment because
the argument injected prejudicial new and harmful facts into the proceeding.








During the
punishment phase of the trial, appellant presented the testimony of John L.
Ross, Jr., a Dallas County Probation Officer, who testified regarding the
sexual-offender treatment that 

would be available if
appellant was placed on probation.  On
direct examination, Ross testified as follows:

Q: As a
condition of probation, would the defendant be ordered to attend psychological
counseling sessions?

 

A: Yes, he
would be.

 

On cross-examination,
Ross testified as follows:

 

Q: Is
there treatment available for sex offenders in the Department of Corrections,
are you aware?

 

A: I=m not aware of treatment.

 

Q: Would
you be surprised if there were?

 

A: No, I
wouldn=t be.

 

Q: Because
there=s drug treatment available for drug offenses,
so there=s
probably services for sex offenses as well.

 

A: That=s correct.  (Emphasis added)

 

There was
no specific evidence presented that appellant would receive sexual-offender
treatment if appellant went to the penitentiary.

The record
reflects the following statement by the prosecutor and the ruling of the trial
court during the prosecutor=s closing argument:

[PROSECUTOR]:
You heard Mr. Ross explain to you about the programs that are offered through
the Probation Department, about sex offender treatment and all those
things.  He can get those things at
TDC, and if he doesn=t want to attend them down there, he B

 

[DEFENSE
COUNSEL]: Your Honor, I object.  That
wasn=t in evidence.

 

[PROSECUTOR]:
Your Honor, it was in evidence that you can get those things at TDC.

 








THE COURT:
Overruled.  The jury will recall the
evidence as they heard it.  (Emphasis
added)

 

Appellant argues that the prosecutor=s misstatement of the evidence was harmful to appellant in that it
tainted the minds of any juror who might have been considering giving appellant
a probated sentence so that he could receive sex-offender treatment.

Ross, the probation officer who testified, agreed that there were Aprobably@ services for sex offenders in the Department of Corrections.[3]  AProbably@ is defined as Aapparently or presumably true@ in the MERRIAM-WEBSTER DICTIONARY 
584 (rev. 5th ed. 1997).  A
prosecutor is permitted in jury argument to make reasonable deductions from the
evidence.  McKay v. State, 707 S.W.2d
23, 36 (Tex.Cr.App.1985), cert. den=d, 479 U.S. 871 (1986).  It is a
reasonable deduction to presume a conclusion if that conclusion is Aapparently or presumably true.@  We
hold that the prosecutor=s statement was not improper and that the trial court did not err in
overruling appellant=s
objection. 

If we should be in error and if the prosecutor=s statement was improper, we hold that the
error was harmless.  TEX.R.APP.P.
44.2(b).  The assumed error did not have
a substantial and injurious effect or influence in determining the jury=s decision to assess appellant=s punishment at confinement in the
penitentiary rather than recommending probation.  King v. State, 953 S.W.2d 266 (Tex.Cr.App.1997).

Regarding improper prosecutorial comments, the court in Mosley v.
State, 983 S.W.2d 249, 259 (Tex.Cr.App.1998), stated:








Rule 44.2(b) provides
that:  "Any other error, defect,
irregularity, or variance that does not affect substantial rights must be
disregarded."   The rule is taken
directly from  Federal Rule of Criminal
Procedure 52(a) without substantive change. 
See Notes and Comments, 
Tex.R.App. P. 44.  Hence, in
construing the impact of  Rule 44.2(b),
federal caselaw would appear to provide especially useful guidance.  In applying the federal rule to improper
argument cases, federal courts generally look to three factors:  (1) severity of the misconduct (the
magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures
adopted to cure the misconduct (the efficacy of any cautionary instruction by
the judge), and (3) the certainty of conviction absent the misconduct (the
strength of the evidence supporting the conviction).  United States v. Millar, 79 F.3d 338, 343 (2nd Cir.1996); United
States v. Palmer, 37 F.3d 1080, 1085 (5th Cir.1994).

 

As to the first factor of the harm test discussed in Mosley, the
Dallas County Probation Officer testified that, while he was not aware that
there was treatment for sex offenders in the Department of Corrections, he
would not be surprised if such treatment was available.  He agreed that such services were Aprobably@ available in the penitentiary. 
Johnson v. Johnson, supra, clearly shows that in fact such services are
not only available but also mandatory for inmates convicted of a sexual
offense.  We hold that the prosecutor=s remark, if improper, was only mildly
inappropriate and was not an egregious misstatement.

Turning to the second factor, the court did overrule appellant=s objection; however, the court instructed
the jury Ato recall the evidence as they heard it.@   The
record shows that the probation officer=s testimony was very close in time to the argument and that the jury
would have had no trouble in recalling the testimony.  As to the third factor in Mosley, the evidence showed that
the child had been sexually abused by appellant for many years.  At the punishment phase of the trial, the
victim urged the jury to put appellant away Aforever@ so that she would no longer have to be
afraid for herself, for her little sister, or for other girls.  The victim told the jury:

I=m very relieved that it=s finally over.  I=m so glad that I don=t have to come back here anymore, but I=m still scared because when he gets out I=m scared. 
Even though he=s
locked up, I=m scared because he has a power over me.  I=m going to school because I want to make something of myself because I
never had a childhood.  I can=t take that back, but all I have is my
future.  So I would like to have a
future that is safe and happy and not sad.

 

Appellant=s
trial counsel made a strong argument for probation.  However, based upon the entire record, we do not think that the
prosecutor=s brief comment, if it was improper, had a
substantial and injurious effect or influence in determining the jury=s verdict. 
The point of error in each case is overruled.

The judgment of the trial court in each case is affirmed.

 

December
6, 2001                                                                   AUSTIN
McCLOUD

Do not publish.  See TEX.R.APP.P. 47.3(b).                            SENIOR
JUSTICE

Panel consists of: Arnot,
C.J., and

McCall, J., and McCloud,
S.J.[4]











[1]Cause No. 11-01-00059-CR.





[2]Cause No. 11-01-00058-CR.





[3]In Johnson v. Johnson, No. 40:00-CV-1889-A, 2001 U.S.
App. LEXIS 13097 (N.D. Fort Worth July 2, 2001), the court notes that there is
a mandatory sex-offender program for inmates convicted of a sexual offense.





[4]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.